## BLUM et al. v. UNITED STATES.

### No. 5796.

Circuit Court of Appeals, Sixth Circuit.

Feb. 9, 1931.

M. J. Dunn, Jr., of Milwaukee, Wis., for appellants.

F. C. Wetmore, of Grand Rapids, Mich. (John Jones, of Ironwood, Mich., on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The defendants below, here appellants, complain that the indictment, under which they were convicted in the District Court, is duplicitous, and that that court therefore erred in refusing leave to withdraw pleas of not guilty and to file a demurrer and/or a motion to quash the indictment. We pass the question of whether the motion which was made was not addressed to the sound discretion of the trial court, and direct our attention immediately to the meritorious question of duplicity of the indictment.

The indictment was quite obviously intended, we think, to charge the single offense of conspiracy in violation of section 37 of the Penal Code, 18 U. S. C. § 88 (18 USCA § 88). There is but one count. Having alleged, in clear and unequivocal language, the formation of the conspiracy to import from Canada, transport, and possess intoxicating liquor "otherwise than as authorized by the National Prohibition Act, that is to say, with intent on their part to sell the same for in-

toxicating beverage purposes * * * each of said defendants well knowing the same to be such intoxicating liquor, and with intent on the part of said defendants to defraud the revenue of the United States," the indictment then ungrammatically continues, "smuggled and clandestinely introduced into the United States, and into said Northern Division of said Western District of Michigan, from the Dominion of Canada, a great quantity," etc. This is quite obviously nothing but a grammatical or clerical error. Several instances of smuggling or attempted importation of liquor into the United States by various of the conspirators are averred as overt acts, and the absence of averment of dates and identifying circumstances of such instances in the main body of the indictment shows conclusively, we think, an absence of any intent to charge a substantive offense by use of the language above quoted. Rather, it must have been intended to say that the conspiracy was formed with intent to sell the intoxicating liquor so "unlawfully smuggled and clandestinely introduced into the United States," which meaning is made clear by simply disregarding the unnecessary and apparently inadvertent repetition of the quantity of liquors which the indictment avers the defendants conspired to import, transport, and possess.

■■ The dialogue between court and counsel at the time of the motion for leave to withdraw the pleas and to demur and/or move to quash clearly indicates that it was then the opinion of counsel that the indictment was duplicitous because it alleged a conspiracy to commit a number of independent and different offenses. In a prosecution under section 37 (18 USCA § 88) the conspiracy being the gist of the offense, conviction may be had even though the substantive offense was never committed, and the indictment does not become duplicitous because such conspiracy embraces more than one substantive offense. Remus v. U. S., 291 F. 501 (C. C. A. 6); Bailey v. U. S., 5 F.(2d) 437 (C. C. A. 5); Frohwerk v. U. S., 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561.

■ There was, and could be, no possible doubt but that the defendants knew specifically the nature of the charge against them, were able to prepare for their defense, and might plead their conviction or acquittal under the instant indictment should they subsequently be reindicted for the same offense. These have been held to be the tests of a good indictment. Cf. Wong Tai v. U. S., 273 U. S. 77, 81, 47 S. Ct. 300, 71 L. Ed. 545; Grant v. U. S., 268 F. 443, 445 (C. C. A. 6); Leonard v. U. S., 18 F.(2d) 208 (C. C. A. 6). The time has passed, it has been said, when convictions will be reversed for mere technical defects in pleading. Hill v. U. S., 42 F.(2d) 812, 814 (C. C. A. 4). In Martin v. U. S., 299 F. 287, 288 (C. C. A. 4), Judge Rose said: "The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good." Judge Rose was not there, of course, referring to the defect of duplicity, but even in that regard an indictment should not be held bad if the words employed make the singleness of the charge clear to the common understanding. Compare Ex parte Pierce, 155 F. 663 (C. C. Mo.); Miller v. U. S., 4 F.(2d) 228 (C. C. A. 7).

■ Were recourse to such action necessary, it is also well established that in case of a clear grammatical or clerical error, as is apparent here, that portion of the indictment which creates the confusion, especially where it is not in itself a sufficiently complete allegation of an offense, may be disregarded as surplusage, and thus all cause of complaint removed. This is not an amendment of the indictment but is in furtherance of that broad public policy illustrated by Rev. St. § 1025, 18 U. S. C. § 556 (18 USCA § 556). See Ford v. U. S., 273 U. S. 593, 602, 47 S. Ct. 531, 71 L. Ed. 793; Sugar v. U. S., 252 F. 79 (C. C. A. 6); Reynolds v. U. S., 280 F. 1 (C. C. A. 6).

We have examined and carefully considered the other assignments of error, but do not deem them of sufficient merit to require independent consideration.

The judgment of the District Court is affirmed.