## UNITED STATES v. McKIEGHAN et al.
### No. 3339.

District Court, E. D. Michigan, N. D.

April 12, 1932.

Otto J. Manary, of Bay City, Mich., Asst. U. S. Atty.

Edward N. Barnard, of Detroit, Mich., for defendants McKieghan and Scavarda.

TUTTLE, District Judge.

This is a motion, by the defendants McKieghan and Scavarda, to quash, on the ground of duplicity, the indictment herein, which charges, in its single count, under section 37 of the Criminal Code (section 88, title 18, United States Code [18 USCA § 88]) a conspiracy, on the part of the above-named defendants and certain other persons, to commit an offense against the United States, namely, violation of the National Prohibition Act in the manner hereinafter mentioned.

For a sufficiently adequate statement and understanding of the question here involved, it seems necessary to quote in full the language of the indictment which is thus claimed to be duplicitous, and of the motion to quash which sets forth such claim. This language of the indictment, comprising all of such indictment except the portion thereof expressly charging the overt acts alleged, is as follows:

"The Grand Jurors of the United States of America empaneled and sworn in the District Court of the United States for the Eastern District of Michigan, Northern Division, and inquiring for that District, upon their oaths and affirmations present and charge that: William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker, Al Vergo, and Sam Zamonja, all late of the Division and District aforesaid, and within the jurisdiction of this Honorable Court, on or about the 1st day of April, A. D., 1928, up to and in-

cluding the 20th day of January, A. D., 1932, in the City of Flint, in the County of Genesee, State of Michigan, and at various other places within the Northern Division of the Eastern District of Michigan, and all within the jurisdiction of this Honorable Court, did unlawfully, wilfully, knowingly, corruptly and feloniously conspire, combine, confederate and agree together, each with the other and with David L. Jones, Charles Ross, Nick Meadenowff, alias Nick Miller, Carl Hatfield, Jack Livingston, Walter Anderson, Abe Varbua, James Trimble, Jean La Fone, Frank Pucilowski, Frank Alle and Richard Gazelle, co-conspirators but not defendants and with diverse other persons whose names are unknown to these Grand Jurors, to commit during said period of time an offense against the United States of America, to-wit; to violate Title II of the Act of Congress of October 28, 1919, known as the National Prohibition Act, and acts amendatory thereof, and supplementary thereto, that is to say, that they, the said defendants and co-conspirators and said other persons to these Grand Jurors unknown, would in violation of said Act and without a permit from the Commissioner of Internal Revenue so to do, manufacture, buy, sell, barter, transport, import, deliver, furnish, possess for sale and barter and solicit and receive orders for the sale of intoxicating liquor; to-wit:  Beer, Wines and Whiskey, containing more than one-half of one per cent of alcohol by volume, fit for beverage purposes, all in the following manner, that is to say that the said defendants at the time and places aforesaid with the intent and design to commit the said offense against the United States of America aforesaid, unlawfully, wilfully, knowingly and feloniously then and there did enter into said agreement and combination and did conspire, agree and conferate together, as aforesaid, and the said defendants William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker, Al Vergo and Sam Zamonja, did demand, solicit and receive large sums of money from the afore-mentioned co-conspirators, David L. Jones, Charles Rose, Nick Meadenowff, alias Nick Miller, Carl Hatfield, Jack Livingston, Walter Anderson, Abe Barbus, James Trimble, Jean La Fone, Frank Pucilowski, Frank Alle and Richard Gazelle, and from other persons to the Grand Jurors unknown, upon the representation by the afore-mentioned defendants William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker, Al Vergo and Sam Zamonja, that the co-conspirators and other persons to these Grand Jurors unknown, would be permitted to maintain places where intoxicating liquors would be manufactured, possessed, kept, sold, bartered, transported, delivered, distributed, furnished, given away, accepted and received, in violation of the National Prohibition Act, and upon the further representation that the aforementioned defendants, William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker, Al Vergo and Sam Zamonja, would shield and protect from arrest the aforementioned co-conspirators and other persons to the Grand Jurors unknown in the maintenance and operation of their illegal business, as hereinbefore set forth, and that the defendants, William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker, Al Vergo and Sam Zamonja, would induce and persuade the aforementioned co-conspirators, and others not in the business of possession, keeping and selling intoxicating liquor, to open up and maintain places where they would engage in the unlawful and illegal business whereby the said co-conspirators and others so induced and persuaded, would manufacture, possess, keep, barter, sell, transport, deliver, distribute, furnish, give away, accept and receive distilled spirits and intoxicating liquor, to-wit:  Beer, Wine, and Whiskey, which said Beer, Wine and Whiskey would then and there contain more than one-half of one per cent of alcohol by volume and would be fit for use for beverage purposes in violation of the National Prohibition Act;  that is to say, That the said defendant, William H. McKieghan, while acting as Mayor of the City of Flint, and during the time covered by this conspiracy, counselled with violators of the National Prohibition Act, advising them where and when they could open up establishments in the City of Flint, Michigan, for violation of the National Prohibition Act and directing said violators of the National Prohibition Act where and from whom to purchase beer and whiskey.  And that said William H. McKieghan further, after certain persons whom he had authorized to open up establishments in violation of the National Prohibition Act, were arrested by the Federal Prohibition Officers, counselled with professional bondsmen and in some instances did pay premiums on bonds to the said professional bondsmen for certain persons under arrest for violation of the National Prohibition Act.  That the said defendants, Ceasar J. Scavarda, then acting as a police officer and head of the Police Department in the City of Flint, Michigan, and during the time covered by this conspiracy, did instruct other police of-

ficers of the City of Flint, Michigan, acting under him, the said Ceasar J. Scavarda, not to molest or arrest certain violators of the National Prohibition Act then operating openly, unlawfully and in flagrant violation of the National Prohibition Act, within the City of Flint, Michigan, and the said Ceasar J. Scavarda, directed violators of the National Prohibition Act as to when and where they could operate and maintain places for the purpose of violation of the National Prohibition Act in the City of Flint, Michigan, carrying out his agreement to protect and shield from arrest from any officers of the State of Michigan, County of Genesee, and City of Flint, Michigan, the aforesaid persons and other persons to these Grand Jurors unknown, in the conduct of their illegal businesses. That the said defendant, Ben F. Baker, a police officer in the City of Flint, Michigan, and during the time covered by this conspiracy, would solicit, accept, and receive large sums of money from the aforementioned co-conspirators and other persons to these Grand Jurors unknown as aforesaid, with the understanding that in consideration thereof he, the said Ben F. Baker, would agree to protect and shield from arrest from any officers of the State of Michigan, County of Genesee and City of Flint, the aforementioned co-conspirators and other persons to these Grand Jurors unknown, in the conduct of their illegal businesses. That the said defendant, Al Vergo, was actively engaged in the manufacture, buying and selling of intoxicating liquors in violation of the National Prohibition Act in the City of Flint, Michigan, and during the time covered by this conspiracy, and as such violator was working in conjunction with and for the benefit of the aforementioned defendants, William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker and Sam Zamonja, and did solicit,. accept and receive a large sum of money from the aforementioned co-conspirators and other persons to these Grand Jurors unknown who were violating the National Prohibition Act in the City of Flint, Michigan, with the understanding that in consideration thereof, he, the said Al Vergo, would agree to protect and shield from arrest from any officers of the State of Michigan, County of Genesee, and the City of Flint, Michigan, the aforementioned co-conspirators and other persons to these Grand Jurors unknown, in the conduct of their illegal businesses. That the said defendant, Sam Zamonja, was actively engaged in the violation of the National Prohibition Act in the City of Flint, Michigan, during the time covered by this conspiracy and was known as the collector and pay-off man and he did solicit, accept and receive large sums of money from the aforementioned co-conspirators and other persons to these Grand Jurors unknown, with the understanding that in consideration thereof, he, the said Sam Zamonja, would agree to protect and shield from arrest from any officers of the State of Michigan, County of Genesee, and City of Flint, Michigan, the aforementioned co-conspirators and other persons to these Grand Jurors unknown, in the conduct of their illegal businesses, and that the said defendant, Sam Zamonja, did divide this so-called protection money with certain officials of the City of Flint, Michigan. And the Grand Jurors aforesaid, do further charge and present, that in pursuance of and in furtherance of and in execution of, and for the purpose of carrying out and to effect the object, design and purpose, combination, confederation and agreement aforesaid, said defendants, William H. McKieghan, Ceasar J. Scavarda, Ben F. Baker, Al Vergo and Sam. Zamonja, did and committed the following overt acts within the jurisdiction of this Honorable Court."

The indictment then proceeds to specifically allege and describe twenty-two different acts which are charged as constituting the overt acts so mentioned, and the indictment then concludes as follows: "All contrary to the form, force and effect of the Act of Congress in such case made and provided against the peace and dignity of the United States."

The motion to quash the indictment, the whole of which motion is devoted to a recital of the reasons for its claim that the indictment is duplicitous, is, in full, as follows: "Defendants, William H. McKieghan and Ceasar J. Scavarda, by their attorney, Edward N. Barnard, respectfully move this Honorable Court for an order quashing and setting aside the indictment herein for the following reasons: 1. The indictment charges in one count the commission of eight separate and distinct offenses, to-wit: (a) A conspiracy between the defendants and others alleged to be known and unknown to violate the National Prohibition Act by various alleged means. (b) Counselling by defendant McKieghan with violators of the National Prohibition Act and advising them where they could open up establishments in violation of the act and directing them where to purchase beer and whiskey, the alleged acts of said defendant in that connection constituting in law an offense against Section

12, Title 27 USCA being Section 3, Title II National Prohibition Act, in view of Section 352, U. S. Criminal Code. (c) Violation by defendant Scavarda of the aforesaid section in instructing his police officers not to molest or arrest certain violators of the Prohibition Act. (d) Violation of the foregoing section by defendant Scavarda in directing National Prohibition Act violators as to when and where they could maintain places in violation of the Prohibition Act. (e) Violation of the foregoing section by defendant Baker in soliciting, accepting and receiving bribes to protect National Prohibition Act violators from arrest. (f) Violation by defendant Vergo of Section 3, Title II National Prohibition Act, Section 12, Title 27 USCA, in engaging in the manufacturing, buying and selling of intoxicating liquors. (g) Violation by defendant Vergo of Section 12, title 27, USCA, being Section 3, Title II National Prohibition Act, in view of Section 352 U. S. Criminal Code, in soliciting, accepting and receiving moneys from violators of the National Prohibition Act under agreement to protect and shield them from arrest. (h) Violation by defendant Zamonja of Section 12, Title 27, USCA, being Section 3, Title II National Prohibition Act, in view of Section 352, U. S. Criminal Code, in soliciting, accepting and receiving moneys from violators of the National Prohibition Act with understanding that in consideration thereof he would protect them from arrest. The aforesaid offenses enumerated herein as (b) through (h), inclusive, not being alleged to constitute the overt acts in pursuance to the alleged conspiracy, nor the means alleged to have been agreed upon by which to accomplish the alleged criminal conspiracy, the indictment is, therefore, bad for duplicity. This motion is based upon the records and files in this cause."

▆▆▆ I have given very careful consideration to the arguments of the defendants in support of their contention that this indictment is duplicitous, but I am unable to agree with such contention. Section 37 of the Criminal Code (18 USCA § 88), already cited, provides as follows: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,-000 or imprisoned not more than two years, or both."

Although the indictment is not as clear or definite as could be desired, and cannot be commended as a model of criminal pleading, yet I am satisfied that, considered and construed as an entirety, the language thereof, already quoted, must be interpreted as charging the commission, by the defendants, of only the crime of conspiracy to commit an offense against the United States, that offense being a violation of the National Prohibition Act in the manner, and by the means, described in the indictment. It is, of course, well settled, and not here denied, that allegations in an indictment that the object of such a conspiracy was the commission of several offenses against the United States, or that an overt act in furtherance of such conspiracy was in itself an offense against the United States, do not render such an indictment duplicitous. Ford v. United States, 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793. Nor does the fact that, in describing the acts of the defendants in connection with, and as part of, the description of the conspiracy charged, the indictment indicates that at least certain of such acts also constituted crimes against the United States make such indictment duplicitous. United States v. Illinois Alcohol Co. (C. C. A.) 45 F.(2d) 145, 148. In the case just cited, the court, among other things, said: "It is argued that the indictment is void for duplicity because it charges a conspiracy to violate the National Prohibition Act and the crime of bribery. * * * In charging the crime, the indictment clearly refers to a conspiracy. It relates, however, that appellants * * * 'did upon divers occasions, during the time alleged in this indictment, bribe and offer to bribe officers of the United States, in order that they would make false reports concerning the activities of the aforesaid denaturing plant.' * * * If, in carrying out the conspiracy, the appellants committed another offense against the laws of the United States, the recitation of that offense does not make the indictment void for duplicity, nor does it affect the charge of conspiracy in the indictment. The indictment, in one count, clearly charges a continuing conspiracy to violate the terms of the National Prohibition Act."

That language is, in my opinion, equally applicable to the situation presented here. While it is true that the allegations of this indictment, already quoted, do show that the acts of the defendants therein mentioned included the commission of various different crimes, yet that mention of those acts is made in describing the manner in which the

defendants are alleged to have entered into and formed the conspiracy charged. The indictment, first, in somewhat general language, alleges that from about April 1, 1928, to January 20, 1932, the defendants conspired to violate the National Prohibition Act in the respects specified. Then, having averred, in broad terms, the formation of such a continuing conspiracy, the indictment, after a comma, proceeds: "All in the following manner, that is to say that the said defendants at the time and places aforesaid, * * * did enter into" the said conspiracy, "and the said defendants * * * did" do the various things which the defendants now claim are there charged as separate and distinct crimes, but which, as I construe the indictment, are there mentioned merely as part of the specific description and account of the particular manner in which the conspiracy, previously alleged more generally, was formed and continued at the aforementioned time and place. That this is the proper construction of the indictment is made even more evident from the absence therefrom of any allegation of time, in connection with its references to those acts of the defendants, except the phrase, "during the time covered by this conspiracy." Blum v. United States, 46 F.(2d) 850, 851 (C. C. A. 6). As was said by the court in the last-cited case, under a similar situation, such an "absence of averment of dates and identifying circumstances * * * in the main body of the indictment shows conclusively, we think, an absence of any intent to charge a substantive offense by use of the language above quoted."

Finally, if there were otherwise doubt as to whether the allegations in question were merely descriptive of the conspiracy, and not charges of separate crimes, such doubt would be removed by a consideration of the paragraph immediately following those allegations, which paragraph avers that, in furtherance of, and to effect the object of, the "combination, confederation and agreement aforesaid," the defendants "committed the following overt acts," then recited. It is entirely clear to this court, as it must be to the defendants, that this indictment was intended to, and does, allege, as the only crime here charged, the commission of the crime of conspiracy to commit an offense against the United States, namely, the violation of the National Prohibition Act, and that the references, in such indictment, to conduct of the defendants constituting also other crimes were not intended to, and do not, allege and charge herein the commission of any such other crime.

If, however, the aforementioned allegations, claimed to constitute duplicity, are not properly descriptive of the formation, nature, or history of this conspiracy, or of overt acts in furtherance thereof, then, in view of the evident intent disclosed by the language of this indictment to thereby allege such a conspiracy as the gist and substance of such indictment, the allegations in question must, in my opinion, be treated as merely surplusage and ignored. Ford v. United States, supra; Sugar v. United States, 252 F. 79 (C. C. A. 6); Miller v. United States, 4 F.(2d) 228 (C. C. A. 7); Blum v. United States, supra. As was said by the court in the case last cited: "This is not an amendment of the indictment but is in furtherance of that broad public policy illustrated by" the statute (section 556, title 18, United States Code [18 USCA § 556]), which provides that: "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

I reach the conclusion that the indictment is not duplicitous as claimed by the defendants, and that the motion to quash such indictment on that ground must be denied. An order to that effect will be entered.