THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MENELIO RIVERA ET AL., Defendants and Appellants.

No. 15413. Argued November 6, 1953.—Decided February 8, 1954.

*Luis A. Archilla Laugier* for appellants. *José Trías Monge, Attorney General, Rafael Ydrach Yordán* and *Jaime García Blanco, Assistant Fiscal* and *Special Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellants were sentenced by the former District Court of Puerto Rico, Bayamón Section, to seven months' imprisonment in jail for violation of the Weapons Act of Puerto Rico —Act No. 17 of January 19, 1951 (Spec. Sess. Laws, p. 426). They pray for reversal of the sentence on the ground that the court erred, *first,* in deciding that it had "jurisdiction" to take cognizance of the prosecution, and, *second,* in overruling the demurrer challenging the information on the ground of duplicity.

Appellants were charged in July, 1951 with violation of § 8 of the latter Act and after a hearing they were sentenced to imprisonment in jail on the ground that in the opin-

ion of the court the offense committed was a misdemeanor under § 7 of the Act and not a felony under § 8. On April 30, 1952 we reversed the judgment for insufficiency of the information, and ordered that the case be remanded in order that the information be amended or a new one filed "if the facts so warrant it and it is deemed proper." *People* v. *Rivera*, 73 P.R.R. 402. Before the mandate had been sent to the lower court communicating our judgment and sentence, the prosecuting attorney filed a new information charging appellants with the same offense as that charged in the first information which was found to be defective—violation of § 8 of the Weapons Act—but curing the defect which led to the reversal. On the day set for arraignment appellants requested a period within which to make their pleas and later filed a motion challenging the "jurisdiction" of the court on the ground that the information had been filed before the mandate was received. The motion having been dismissed, a trial was held and the judgment appealed from was rendered.

The trial court did not commit the first error assigned. At the time the motion challenging the jurisdiction of the lower court was filed, our mandate *had been issued and received by the court*.[1] After the motion was dismissed, a trial was held by stipulation that the cause be tried, in part, on the evidence offered at the trial of the case which led to the judgment which we reversed. Finally, the judgment which is now on appeal was rendered.

Although it is a general rule that the trial court waives jurisdiction to act in a case from which an appeal has been taken, except "in those incidents authorized by law tending to perfect" the appeal, *People* v. *Rivera*, 69 P.R.R. 314, 316, and reacquires jurisdiction upon receipt of the mandate from the appellate court, *Bertig Bros.* v. *Independent Gin Co., et al.*, 228 S. W. 392, 393 (Ark.), accompanied with instructions to

---

[1] The mandate was sent to the trial court on May 13, 1952, and received on the 14th of that month. The motion was filed on May 16, 1952.

proceed, *Bowman* v. *State*, 129 S. W. 80, 82; in view of the foregoing circumstances, the filing of the second information before the mandate was received—an action merely voidable and not void—*Schneider* v. *Decker*, 291 Pac. 80, 81 (Okl.); *Horton* v. *State*, 88 N. W. 146, 148; 3 Am. Jur., p. 727, became an irregularity which was cured.

 Neither did the trial court commit the second error assigned by appellants. The information filed in this case reads in part as follows:

"The prosecuting attorney files information against José Menelio Rivera, Antonio Rivera Nieves... for violation of the Weapons Act of Puerto Rico (Act No. 17 of January, 1951, § 8 (felony), committed as follows:

"On or about May 22, 1951... the said defendants José Menelio Rivera, Antonio Rivera Nieves... unlawfully, wilfully, maliciously and with criminal intent possessed and transported... a loaded revolver... without a license therefor."

The information was challenged by a demurrer on the ground of duplicity and the demurrer was overruled. The appellants maintain that the trial court erred in acting in that fashion. Their contention is that the information charges more than one offense, namely, violation of § 6 of the Weapons Act, which punishes the having or possessing of a firearm without a license, and the violation of § 8 of the Act, which punishes the transportation of a loaded firearm without a license therefore,[2] since it is there alleged that the defend-

---

[2] Section 6 reads as follows:

"Section 6.—Any person who has or possesses any pistol, revolver, or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously convicted of any violation of this Act, or of any of the offenses specified in Section 17 hereof, or uses the weapon in the commission of any of such offenses, shall be guilty of a felony."

Section 8 provides that:

"Section 8.—Any person bearing, carrying, or transporting any loaded pistol, revolver, or other firearm, or who bears, carries, or transports any pistol, revolver or other firearm, while at the same time bearing, carrying, or transporting ammunitions which may be used for discharging such pistol, revolver or other firearm, without having a license to carry weapons issued as hereinafter provided, shall be guilty of a felony."

ants "possessed and transported . . . a loaded revolver . . . without a license . . ."

An information will not be held defective on the ground of duplicity if the allegations are sufficient to reasonably apprise defendant of the nature of the charge against him and to enable him to prepare his defense and to plead former jeopardy upon being subsequently prosecuted for the same offense. *Millard* v. *United States*, 148 F. 2d, 154, 156; *Blum* v. *United States*, 46 F.2d, 850, 851. The information in the case at bar meets those requirements. The defendants were thereby clearly and expressly apprised that they were charged with violation of § 8 of the Weapons Act—a felony—for transporting a loaded revolver without a license. The word "possessed" is surplusage and redundant and does not affect the validity of that information. *Millard* v. *United States*, *supra*. It could not have created any confusion as to the offense charged. *People* v. *Buxó*, 29 P.R.R. 75, 76.

The judgment appealed from is affirmed.

