Bennett Sidney **COLLINS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

George D. **STALCUP**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 14196, 14197.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1960.

Richard D. Haney, Cincinnati, Ohio, for appellant Bennett Sidney Collins; James Eastland, Jr., Cincinnati, Ohio, on the brief.

Ray E. Cate, Knoxville, Tenn., for appellant George D. Stalcup.

John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., for appellee; John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., on the brief.

Before MARTIN, CECIL and WEICK, Circuit Judges.

PER CURIAM.

These appeals from judgments of conviction and sentence entered on the verdict of a jury have been heard and duly considered upon the record and upon the briefs and oral arguments of attorneys for appellants and for the United States.

The indictments herein charged conspiracy to commit a bank robbery. The convictions were based largely upon the testimony of a co-conspirator, who entered a plea of guilty.

■ Appellants assert that error was committed by the United States District Judge in sustaining objection to cross-examination of the self-confessed co-conspirator as to immunity promised him. On the record, we find that the witness categorically denied that he had received any such promise. We think no reversible error was committed by the trial judge in his ruling.

■■ In respect of appellant George D. Stalcup, we find that, if his actions be considered a withdrawal from the conspiracy, he had at least committed such overt acts as would justify his conviction for conspiracy. The fact that a defendant, who has committed an overt act in connection with a planned bank robbery, did not participate in the ultimate robbery of the bank would not free him from the conspiracy charge. Poliafico v. United States, 6 Cir., 237 F.2d 97. In order to convict for conspiracy, it is not necessary to prove that the conspiracy was successful. Blum v. United States, 6 Cir., 46 F.2d 850.

No reversible error being found in the record and there being substantial evidence to support the convictions, the judgments of conviction and sentence are affirmed.