## HEATON et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 27, 1922.)

No. 196.

1. Bribery ⊂⊃6(4)—Indictment for accepting bribe as officer or agent held insufficient.

An indictment charging that defendants, being "officers, agents, and employés of the United States, to wit, federal prohibition agents acting under the direction of the prohibition commissioner of the United States," asked and received a bribe, *held* not to charge an offense under Criminal Code, § 117 (Comp. St. § 10287), making it an offense for any officer "or a person acting for * * * the United States, in any official capacity, under or by virtue of the authority of any department or office of the Government thereof," to ask or receive a bribe, etc., there being no such office known to the law as "prohibition commissioner," or such officer or employé as "federal prohibition agent," and there being no allegation that defendants were acting "by virtue of the authority of any department or office of the Government."

2. Criminal law ⊂⊃423(2)—Evidence as to acts of person giving bribe held incompetent.

On trial of defendants, charged with accepting a bribe of $1,000, testimony of a bank employé that the person alleged to have given the bribe, about the time in question, drew $1,000 from the bank, defendants not being present, *held* incompetent, and its admission prejudicial error.

In Error to District Court of the United States for the Western District of New York.

Criminal prosecution by the United States against Ralph Heaton and others. Judgment of conviction, and defendants bring error. Reversed.

The indictment was for violation of section 117 of the United States Criminal Code (Comp. St. § 10287), which, so far as applicable, reads: "Whoever, being an officer of the United States, or a person acting for or on behalf of the United States, in any official capacity under or by virtue of the authority

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of any department or office of the government thereof, * * * shall ask, accept, or receive any money * * * with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, influenced thereby, shall be fined * * * and imprisoned. * * *"

The indictment (briefly summarized) sets forth that the defendants and one Ahern on September 11, 1920, "being then and there officers, agents, and employees of the United States of America, to wit, federal prohibition agents, acting under the direction of the prohibition commissioner of the United States" knowingly, etc., asked and received $1,000 from one Van Auken to have their decision and action on a matter then pending before them in their official capacity influenced, the pending matter being the charge against Van Auken of selling and possessing intoxicating liquor contrary to the provisions of the act known as the National Prohibition Act (41 Stat. 305).

George W. Olvany and Thomas P. De Graffenried, both of New York City, for plaintiff in error Ertz.

Frank Wasserman, of New York City, and Hector McGowan Curren, of Brooklyn, N. Y., for plaintiffs in error Heaton, Jacobs, Daley, and Smith.

Shephen T. Lockwood, U. S. Atty., and William J. Donovan, Asst. U. S. Atty. (John T. Walsh, of Buffalo, N. Y., of counsel), for the United States.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). Motions to dismiss the indictment were made immediately after the jury was impaneled, again at the close of the government's case, and finally at the conclusion of the whole case; but the reasons specified did not state the grounds on which we base decision.

[1] The National Prohibition Act imposes various duties upon the Commissioner of Internal Revenue. Under title 2, § 1, subd. 7, it is provided:

"Any act authorized to be done by the commissioner may be performed by any assistant or agent designated by him for that purpose. Records required to be filed with the commissioner may be filed with an assistant commissioner or other person designated by the commissioner to receive such records."

Under section 38 of the same title it is provided:

"The Commissioner of Internal Revenue and the Attorney General of the United States are hereby respectivly authorized to appoint and employ such assistants, experts, clerks, and other employees in the District of Columbia or elsewhere, and to purchase such supplies and equipment as they may deem necessary for the enforcement of the provisions of this act, but such assistants, experts, clerks, and other employees, except such executive officers as may be appointed by the Commissioner or the Attorney General to have immediate direction of the enforcement of the provisions of this act, and persons authorized to issue permits, and agents and inspectors in the field service, shall be appointed under the rules and regulations prescribed by the Civil Service Act. * * *"

It will thus be seen that there is no office created by statute known as "prohibition commissioner," and no such office or employment known as "federal prohibition enforcement agent." These may very well be convenient designations for departmental purposes, but the

point is there are no such offices created by statute. Who is an officer of the United States has been so frequently discussed that it is sufficient to refer to United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482, United States v. Smith, 124 U. S. 525, 8 Sup. Ct. 595, 31 L. Ed. 534, and United States v. Schlierholz (D. C.) 137 Fed. 616.

A "person acting for or on behalf of the United States in any official capacity" may be any employé, however minor his duties, who is so acting "under or by virtue of the authority of any department or office of the government." United States v. Birdsall, 233 U. S. 223, 34 Sup. Ct. 512, 58 L. Ed. 930. Whether the person charged with the offense denounced in section 117, supra, is one of the persons or class of persons described in the statute, is a fact which must be alleged in the indictment and proved upon the trial. The allegation, therefore, in the indictment that these defendants were officers of the United States is not correct upon its face. The allegation that they were agents and employés of the United States, to wit, "federal enforcement agents acting under the direction of the prohibition commissioner," refers to employés unknown to the statute by such designation, and also fails to set forth any facts showing in what official capacity and by virtue of the authority of what department or office of the government the defendants acted for or on behalf of the United States.

The indictment is thus vitally defective, and, if an appropriate motion shall be made, the District Court is instructed to quash the indictment. No question arises in the case as to whether or not the defect of the indictment could have been cured, because the only reference in the testimony adduced by the government and by defendants was that defendants were "prohibition agents." There was no proof as to their appointment, or for that matter that they were appointees of any department or office of the government. In Martin v. United States, 278 Fed. 913, recently decided by this court, where defendant was indicted under section 117, the prosecution proved the appointment of Martin and the official capacity in which he acted for the United States. Such has always been and necessarily must be the proper procedure upon a trial under an indictment of this section.

[2] 2. There is another ground for reversal to which we call attention. Van Auken, the hotel keeper, the alleged violator of the prohibition statute, testified for the prosecution that the five defendants and one Ahern, also a so-called prohibiton agent, who likewise testified for the prosecution, called upon him at his hotel in Cuba, N. Y., on September 11, 1920, and that one of the six men said "they would make it all right, * * * and after a while they said $1,000." He further testified that he "went and got $1,000, and took it in the sitting room, and laid it on the table, and walked out."

The witness called immediately prior to Van Auken was Henry P. Morgan, an employé of the First National Bank of Cuba, N. Y. He testified, over objection on behalf of all defendants, that he saw Van Auken, in the absence of defendants, in the bank on September 11, 1920; that Van Auken asked him for $1,000, and that he cashed Van Auken's check for that amount. On cross-examination, Morgan testified that Van Auken had a large deposit in the bank, and had drawn

$1,000 on other occasions. To the testimony of Morgan an exception was taken, which was available to all defendants.

Defendants testified in their own behalf, with the result that the jury was confronted with a sharp conflict in testimony, the details of which we need not recite. It may well be that the testimony of Morgan turned the scale against defendants, the principal witnesses against whom were Van Auken, the man who gave the bribe, and who had been convicted at least three times of violating the State Excise Law, and Ahern, a confessed bribe taker. This testimony of Morgan was clearly inadmissible, and its admission was prejudicial error, under People v. Bissert, 71 App. Div. 118, 75 N. Y. Supp. 630, affirmed 172 N. Y. 643, 65 N. E. 1120.

Finally, should there be. another trial, Van Auken should not be permitted to testify that he went to the bank and brought back the money. Presumably, in view of the court's ruling, there was no objection to the following inadmissible testimony, which should be avoided in another trial:

"Q. When you came into that room after you had been to the bank and brought it [the money] in, there were at least four agents there, you say. A. Yes."

Judgment reversed.