### KELLERMAN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 5, 1924.)

No. 3039.

1. **Criminal law ⊚⇒972—Motion in arrest must be based on material matter appearing of record.**

A motion in arrest of judgment is based on the principle that a court should not let a verdict go to judgment when it appears from the record that the judgment, if entered, would be unlawful by reason of material matter appearing on the face of the record.

2. **Criminal law ⊚⇒968(8)—Motion in arrest cannot be based on insufficiency of testimony.**

A motion in arrest of judgment cannot be based on the insufficiency of the testimony.

3. **Criminal law ⊚⇒970(1)—Sufficiency of indictment may be questioned by motion in arrest.**

The sufficiency of an indictment may be questioned for the first time by a motion in arrest of judgment.

4. **Criminal law ⊚⇒1134(10)—Ruling on motion in arrest, based on insufficiency of indictment, reviewable.**

Ruling of trial court on motion in arrest of judgment, based on the insufficiency of the indictment, is reviewable by appellate court.

5. **Criminal law ⊚⇒966—Motions in arrest of judgment not favored.**

Motions in arrest of judgment are not favored.

6. **Criminal law ⊚⇒970(1)—Indictments scrutinized on motions in arrest of judgment.**

In criminal cases, implications are carefully guarded, and indictments on motions in arrest of judgment are subjected to the same scrutiny, and are governed by the same rules, as though attacked on the trial.

7. **Criminal law ⊚⇒273—Indictment and information ⊚⇒202(1)—Verdict or plea of guilty cures defects in form, but not in substance.**

A verdict or a plea of guilty cures the defects in an indictment in the matter of form, but does not cure defects in substance.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. **Indictment and information** ⬳110(2)—**Indictment generally must show offense within statute.**

An indictment based on a statute defining an offense generally must show an offense within the statute, not in the same generic terms as in the definition, but it must state the species and must descend to particulars.

9. **Bribery** ⬳6(1)—**Indictment for bribery of United States officer held defective.**

Indictment based on Criminal Code, § 39 (Rev. St. § 5451; Comp. St. § 10203), making it a crime to offer or give money "to any officer of the United States or to any person acting for or on behalf of the United States in any official function," to induce him to do or to omit to do any act in violation of his lawful duty, *held* insufficient for failure to allege that person bribed was an officer of the United States or a person acting for or on behalf of the United States in any official function, and for failure to plead the official duties which defendant induced named person to violate, notwithstanding designation of such person as a "United States customs storekeeper."

10. **Bribery** ⬳1(2)—**Statute denouncing bribery of "officer of the United States," or "person acting for or on behalf of the United States" in any official function, held not applicable to all government employees.**

Criminal Code, § 39 (Rev. St. § 5451; Comp. St. § 10203), denouncing bribery of "officer of the United States," or "person acting for or an behalf of the United States in any official function under or by authority of any department or officer of the government thereof," does not apply to all persons in the employ of the United States government.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer; Person.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Charles L. McKeehan, Judge.

George Kellerman was convicted of promising to pay a United States customs storekeeper, and of actually paying him, a sum of money for the key and seal of a whisky warehouse, and he brings error. Reversed, and new trial awarded.

Daniel J. Shern, of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., and Henry B. Friedman, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The jury convicted Kellerman for promising to pay to a United States Customs Storekeeper, and for actually paying him, a sum of money for the key and seal of a whisky warehouse, in violation of Section 39 of the Criminal Code.[1] Act of March 4, 1909, c. 321, § 39; 35 Stat. 1096; R. S. 5451, Comp. St. § 10203. After conviction, Kellerman made a motion in arrest of judgment on the ground that the indictment does not state an offense within the statute. The court denied the motion and imposed sentence. The case is here on the defendant's writ, assigning error in

---

[1] "Whoever shall promise, offer, or give, * * * any money * * * to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the Government thereof, * * * with intent * * * to induce him to do or omit to do any act in violation of his lawful duty, shall be fined * * * and imprisoned * * *."

this one act of the court and thereby raising the single question of the sufficiency of the indictment.

We shall first discuss very briefly the Government's opposition to a review of a question of this kind when raised for the first time by motion in arrest of judgment.

[1-7] A motion in arrest of judgment is based on the principle that a court should not let a verdict go to judgment when it appears from the record that the judgment, if entered, would be unlawful. The matter which vitiates the proceedings and would render the judgment erroneous, if given, must be material, and must appear on the face of the record. This does not include the testimony. Albert v. United States (C. C. A.) 281 Fed. 511, 514. It does, however, include the indictment, on challenge to the sufficiency of which a trial court may entertain such motion, United States v. Marrin (D. C.) 159 Fed. 767, 167 Fed. 951, 93 C. C. A. 351; and an appellate court may review its action, Krichman v. United States, 256 U. S. 363, 364, 41 Sup. Ct. 514, 65 L. Ed. 992; Clark v. United States (C. C. A.) 265 Fed. 104. Motions in arrest of judgment are not favored. In considering them, courts in civil actions liberally construe the pleadings, giving the plaintiff the benefit of all implications. Baker v. Warner, 231 U. S. 588, 592, 34 Sup. Ct. 175, 58 L. Ed. 384. In criminal actions, however, where implications are carefully guarded, the pleadings—in this instance the indictment—are subject to the same scrutiny and are governed by the same rules as though attacked upon the trial. Certain defects in an indictment are cured by verdict or by plea of guilty. These are such as run to form. Verdict or plea of guilty does not cure defects in substance, as, for instance, the omission of one or more of the essential elements of the offense it is intended to charge. Shilter v. United States, 257 Fed. 724, 725, 169 C. C. A. 12. Giving no thought to the evidence, we shall inquire whether the indictment, by its terms, states a case within the statute.

The two counts are alike except that one alleges a promise to pay money and the other an actual payment. The pertinent part of the first count is that Kellerman—

"did knowingly, wilfully and unlawfully promise and offer a certain sum of money, to wit, the sum of one thousand dollars, to one Luther Sterner, United States Customs Storekeeper, acting under and by authority of the Treasury Department of the United States, the said Luther Sterner having been duly appointed and thereafter took an oath to faithfully perform all the duties of the said office; the said George Kellerman by said promise and offer intending to induce the said Luther Sterner to do an act in violation of his lawful duty as such United States Customs Storekeeper, to wit."

[8-10] Being based on a statute defining an offense generally, the count to be good must show an offense within the statute, not in the same generic terms as in the definition "but it must state the species,— it must descend to particulars." United States v. Cruikshank, 92 U. S. 542, 558 (23 L. Ed. 588). The statute denounces, first, bribery of "any officer of the United States." The count fails to allege, or otherwise show, that Sterner was such an officer. In this it is not sufficient. But the statute reads in the disjunctive and denounces, second, bribery of "any person acting for or on behalf of the United

States in any official function." The count, however, does not allege that Sterner was acting "for or on behalf of the United States" and, as before noted, having failed to allege that he was an "officer of the United States," it does not show what were the official duties Kellerman induced Sterner to violate; in other words, it does not disclose what was his "official function." Here again the count is defective. Continuing, the count alleges in the language of the statute that Sterner, a "United States Customs Storekeeper," was acting "under (and) by authority of the (Treasury) Department of the" United States; but as it had not alleged that Sterner was either an "officer of the United States" or a "person acting for or on behalf of the United States in any official function," this averment does not disclose whether Sterner comes within or stands outside the particular class of government employés which the statute contemplates. That all persons in the government employ are not within its terms has often been decided. United States v. Birdsall, 233 U. S. 223, 34 Sup. Ct. 512, 58 L. Ed. 930; Krichman v. United States, 256 U. S. 363, 367, 41 Sup. Ct. 514, 65 L. Ed. 992. Unless Sterner was an "officer of the United States" or a "person acting for or on behalf of the United States in (an) official function," Kellerman's act of promising to pay him money to violate his duty, whatever the offense, was not the offense condemned by the statute under which Kellerman was brought to trial. In order therefore to sustain Kellerman's conviction for the offense described in the statute, the office or the official function of the one to whom the bribe was offered, as a person within the class described by the statute, are facts which must be alleged in the indictment and proved upon the trial. Heaton v. United States (C. C. A.) 280 Fed. 697, 699; Krichman v. United States, supra. For these are essential ingredients in the offense. United States v. Cook, 17 Wall. 174, 21 L. Ed. 538. Of the same opinion, evidently, was the learned trial judge, but he thought they were implicit in the language of the indictment. Our view, however, is that, being elements of the offense, the indictment should, in reference to them, be explicit. United States v. Cruikshank, 92 U. S. 542, 557, 558, 23 L. Ed. 588. This is so because of the general rule, re-announced by the Supreme Court in Pettibone v. United States, 148 U. S. 197, 202, 13 Sup. Ct. 542, 545 (37 L. Ed. 419) "that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication. The charge must be made directly and not inferentially, or by way of recital. United States v. Hess, 124 U. S. 483, 486." United States v. Cruikshank, 92 U. S. 542, 557, 558, 23 L. Ed. 588.

The judgment below is reversed and a new trial awarded.

BUFFINGTON, Circuit Judge, took no part in this decision.