### MARTIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 19, 1924.)

No. 2213.

1. Conspiracy ⬅️43(6)—Indictment for conspiracy to violate National Prohibition Act held sufficient.

An indictment charging generally a conspiracy to possess, transport, and sell intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), with sufficient averment of an overt act, held sufficient.

2. Indictment and information ⬅️71—Indictment to be practically construed.

Under Rev. St. § 1025 (Comp. St. § 1691), the sufficiency of an indictment is to be determined by practical rather than technical considerations, and if it tells the defendant all he needs to know for his defense, and so specifically that he will be in no danger of being put in jeopardy a second time, it is sufficient.

3. Criminal law ⬅️301—Refusal to permit withdrawal of plea to file demurrer and motion to quash held not error.

Refusal to permit defendants to withdraw plea and to file demurrer and motion to quash, after the opening statements had been made, held within the discretion of the court.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Criminal prosecution by the United States against Otto W. Martin and Charles H. Allwood. Judgment of conviction, and defendants bring error. Affirmed.

J. Raymond Gordon, of Charleston, W. Va., for plaintiffs in error.
B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., and Ellis A. Yost, Asst. U. S. Atty., both of Huntington, W. Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROSE, Circuit Judge. [1] Martin and Allwood, the plaintiffs in error, were defendants below, and will be so styled here. In the District Court a one-count indictment was returned against them and two other men, by name Ratliff and Patterson, respectively. The indictment in apt words charged them with conspiracy to commit an offense against the United States; that is to say:

"To unlawfully, willfully and knowingly violate the Act of Congress of October 28, 1919, particularly title 2 thereof, the short title of which act of Congress is the National Prohibition Act and which act of Congress is commonly known as the Volstead Act, in that they would unlawfully, willfully and knowingly sell, barter, transport, deliver, furnish, keep, and possess distilled spirits and intoxicating liquors otherwise than as authorized in the aforesaid act of Congress known as the National Prohibition Act, and in violation of the provisions of the said National Prohibition Act."

A sufficient specification of an overt act followed. The indictment was returned on November 21, 1923. Five days later Martin and Allwood were arraigned, and, having pleaded not guilty, were put upon their trial. Their codefendants, Ratliff and Patterson, were accepted as witnesses for the government. The defendants complain that after the opening statements, both on behalf of the government and the defendants, had been made, the defendants asked to withdraw their pleas, and to enter a demurrer to the indictment and a motion to quash it, but that the court declined to permit the withdrawal of their plea or the filing of a demurrer or a motion to quash, on the ground that the application came too late. The learned judge added that in his opinion the indictment was good, even as against an objection seasonably interposed. The Circuit Court of Appeals for the Sixth Circuit has so held. United States v. Rudner, 281 Fed. 516. See, also, Violette v. United States (C. C. A.) 278 Fed. 163. Our view is the same.

[2] In an indictment, the mere multiplication of words never does any good, and often leads to a miscarriage of justice. The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good. Section 1025, Revised Statutes (Comp. St. § 1691). If it does not and its deficiencies cannot be adequately supplied by a bill of particulars, it should be stricken down.

[3] Moreover, there is nothing inherently arbitrary in the rule which requires a defendant to demur or to move to quash before he pleads. In its essence it is nothing but common sense. Usually, if an indictment or information is so vague that the defendant will be really embarrassed in defending himself against it, his counsel will know it by the time he is called upon to plead. Of course, there may be circumstances in which this will not be true, and then the court should exercise its discretion to permit the defendant subsequently to make and reserve his objection; but they do not exist in the instant case.

There are a number of other assignments of error, the majority of them based upon objections and exceptions not found in the formal bill of exceptions. The statement of counsel that they were made and

taken below, but through his oversight were omitted from the formal bill of exceptions as settled and signed, is borne out by the complete stenographic report of the trial proceedings. It is unnecessary to say that they are not legally before us, but nevertheless we have looked into them as if they were, and we do not find anything in them of which defendants may complain.

Affirmed.