HILL et al. v. UNITED STATES.

No. 3031.

Circuit Court of Appeals, Fourth Circuit.

July 9, 1930.

John Philip Hill, John H. Burnett, and James A. O'Shea, all of Washington, D. C., for appellants.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge.

The appellants were indicted in the court below for violation of section 593 of the Tariff Act of 1922 (19 USCA §§ 496, 497), in that they smuggled into the United States a large quantity of whisky, gin, etc. The indictment contained also a count under section 37 of the Penal Code (18 USCA § 88), charging conspiracy to violate said section. They were convicted on all counts and two of them were given sentences of two years and the other two of eighteen and fifteen months, respectively. The assignments of error relied upon challenge the jurisdiction of the court and the sufficiency of the indictment, and complain of the failure to give certain special instructions asked.

■ The point as to jurisdiction, briefly stated, is that the District Court sitting in the special term of court held at Easton, Md., had no jurisdiction to try the defendants because section 86 of the Judicial Code, as amended by the Act of March 3, 1925 (28 USCA § 166), makes no provision for holding a term of court at that place. We think, however, that it is too clear for discussion that the holding of such special term was expressly authorized by section 11 of the Judicial Code (28 USCA § 15), which provides that a special term of any district court may be held at the same place where any regular term is held, or at such other place in the district as the nature of the business may require, and at such time and upon such notice as may be ordered by the district judge. Under no possible theory could the Act of March 3, 1925 (43 Stat. 1106), providing for the holding of a regular term at Denton, be construed as limiting the power of the court to hold special terms under the provisions of the general act.

■■ As to the bill of indictment, we think that it is certainly good as to counts 1 and 3. Count 1 charges that the defendants "unlawfully and feloniously did conspire, etc.," to "smuggle and clandestinely introduce into the United States certain merchandise which should have been invoiced, and to import and bring into the United States certain merchandise contrary to law," and that they committed certain overt acts in furtherance of the conspiracy. This count is indefinite as to the merchandise which the parties conspired to "smuggle and clandestinely introduce"; but upon motion of defendants for a bill of particulars, the government specified that this merchandise was the whisky, gin, etc., specifically described in the other counts, and the case was tried on this theory. Count 3 charges that the defendants did "knowingly and wilfully, with intent to defraud the revenues of the United States, smuggle and clandestinely introduce into the United States certain merchandise, to-wit," a quantity of whisky, gin, etc., specifically described, contrary to the provisions of section 593 of the Tariff Act. We think that both of these counts are good.

■■ An indictment for conspiracy to commit an offense need not describe the offense which is the object of the conspiracy with the same certainty as would be required in an in-

814

dictment for that offense. Thornton v. U. S., 271 U. S. 414, 46 S. Ct. 585, 70 L. Ed. 1013; Williamson v. U. S., 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278; Pollock v. U. S. (C. C. A. 4th) 34 F.(2d) 94; Belvin v. U. S. (C. C. A. 4th) 12 F.(2d) 548. When it charges in the words of the conspiracy statute a conspiracy to violate a criminal statute of the United States, and contains a sufficient description of the object of the conspiracy to fairly and reasonably inform the accused of the character of the offense charged, it is sufficient. Belvin v. U. S., supra; Jelke v. U. S. (C. C. A. 7th) 255 F. 264.

The third count charges a violation of section 593 of the Tariff Act in the exact words of the statute, and specifically describes the merchandise smuggled and clandestinely introduced into the country. There can be no question that this is sufficient. The use of the word "smuggle" removes all uncertainty or ambiguity; for this word has a well-understood meaning at common law, signifying a bringing on shore, or carrying from the shore, of goods, wares, and merchandise, for which the duty has not been paid, or goods the importation or exportation whereof is prohibited. Keck v. U. S., 172 U. S. 436, 446, 19 S. Ct. 254, 43 L. Ed. 505.

The time has passed when convictions will be reversed in the courts of the United States for mere technical defects in pleading. As said by Judge Rose, speaking for this court in Martin v. U. S., 299 F. 287, 288:

"The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good."

Assuming without deciding that the second and fourth counts of the indictment are bad under the decision in the Keck Case, 172 U. S. 436, 19 S. Ct. 254, 43 L. Ed. 505, we think that that fact is immaterial here. The sentence imposed did not exceed that which might have been imposed under either the first or third counts, which were good; and the rule is well settled that a judgment will not be disturbed because one or more counts of an indictment are bad, where the sentence is within the limit of punishment which may be imposed under counts which are good. Summers v. U. S. (C. C. A. 4th) 11 F.(2d)

583; Evans v. U. S. (C. C. A. 4th) 11 F. (2d) 37.

The exceptions to the refusal of the court to give the special instructions asked are without merit. So far as they were proper, they were covered by the general charge of the court, which fully and fairly instructed the jury on the principles of law applicable to the case.

Affirmed.