## CENTER et al. v. UNITED STATES.
### No. 4265.

Circuit Court of Appeals, Fourth Circuit.
April 20, 1938.

128

C. Granville Wyche, of Greenville, S. C., for appellants.

Edward P. Riley, Asst. U. S. Atty., of Greenville, S. C. (Oscar H. Doyle, U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

In April, 1927, the three appellants, Doster Center, John Center, and W. D. Marchbanks, together with R. A. Center, Herman Payne, and H. Clyde Gilreath, were indicted in the District Court of the United States for the Western District of South Carolina, at Greenville, for a violation of section 242, title 18, U.S.C.A. In October, 1937, a motion was made on behalf of the defendants to quash the indictment, which motion was denied, and, the defendants pleading not guilty, a trial was had before a jury. After the evidence was taken, the court directed a verdict of not guilty as to R. A. Center and Herman Payne but refused to direct a verdict of not guilty as to the appellants and H. Clyde Gilreath. The jury found H. Clyde Gilreath not guilty and found the appellants guilty. A motion was made on behalf of the appellants for a new trial, which motion was denied, and the trial judge sentenced Doster Center and John Center to six months' imprisonment and appellant W. D. Marchbanks to imprisonment for one year and one day. From this action of the court below this appeal was brought.

The appellants were charged in the indictment with conspiring to injure one Frank Peahuff and his wife, Ella Peahuff, because of their having appeared and testified on behalf of the United States in a criminal prosecution in the District Court

of the United States for the Western District of South Carolina. The material portion of the indictment is as follows:

"That R. A. Center, Herman Payne, John Center, Doster Center, W. D. Marchbanks and H. Clyde Gilreath, all late of Greenville County, South Carolina, on the twenty-second day of October, in the year of our Lord one thousand nine hundred and thirty-six, at Greenville, in Greenville County, in said State of South Carolina, in the Greenville Division of the Western District of South Carolina, and within the jurisdiction of this court, did feloniously combine, conspire, confederate and agree together to injure Frank Peahuff and Mrs. Ella Peahuff in their person, on account of the said Frank Peahuff and Mrs. Ella Peahuff having appeared as witnesses in the United States District Court for the Western District of South Carolina, at Greenville, aforesaid, on the thirteenth day of October, 1936, and testified in behalf of the United States in a case then and there being tried in said court, entitled United States versus Homer Hawkins, Geneva Hawkins and Ellie Center, charged with violating section 51, title 18, U.S.C.A., that is to say the said R. A. Center, Herman Payne, John Center, Doster Center, W. D. Marchbanks and H. Clyde Gilreath, then and there combined, conspired, confederated and agreed together as aforesaid, to injure the said Frank Peahuff and Mrs. Ella Peahuff in their persons because of their having appeared and testified as witnesses for the government, as aforesaid, by then and there abusing, cursing, assaulting and shooting at the said Frank Peahuff and Mrs. Ella Peahuff with a deadly weapon, to wit, a pistol, and by other unlawful means and practices. * * *"

It is contended that the indictment is faulty because it was not alleged that the defendants knowingly conspired to commit the offense charged or that they knew that the parties conspired against had appeared as witnesses in the federal court, or that overt acts alleged to have been done were committed knowingly. It was also urged in support of the motion to quash the indictment that it was duplicitous in that it was attempted to charge in one count two separate and distinct offenses.

We are of the opinion that the indictment is sufficient and that the motion to quash was properly overruled. The Supreme Court said in Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 419, 76 L.Ed. 861:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran & Sayre v. United States, 157 U.S. 286, 289, 15 S.Ct. 628, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606."

As Judge Parker of this court said in the case of Hill et al. v. United States, 4 Cir., 42 F.2d 812, 813:

"An indictment for conspiracy to commit an offense need not describe the offense which is the object of the conspiracy with the same certainty as would be required in an indictment for that offense. [Citing cases.] When it charges in the words of the conspiracy statute a conspiracy to violate a criminal statute of the United States, and contains a sufficient description of the object of the conspiracy to fairly and reasonably inform the accused of the character of the offense charged, it is sufficient. * * *

"The time has passed when convictions will be reversed in the courts of the United States for mere technical defects in pleading. As said by Judge Rose, speaking for this court in Martin v. U. S., 299 F. 287, 288:

"'The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good.'"

Section 1025, Revised Statutes, U.S.C., title 18, § 556, 18 U.S.C.A. § 556, provides: "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insuffi-

130

cient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

There is nothing in the contention that the indictment was duplicitous in that it charged in one count two separate and distinct offenses. The offense charged was the conspiracy, not the injuring of the two Peahuffs. A single count in an indictment for conspiring to commit two substantive offenses is not bad for duplicity. Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561. Blum et al. v. United States, 6 Cir., 46 F.2d 850.

It is contended that the evidence was not sufficient to sustain the verdict of the jury as to the appellants and that this is especially the case as to Doster Center. A study of the record leads us to the conclusion that there was ample evidence to sustain the conviction of John Center and W. D. Marchbanks. The evidence shows that appellant Marchbanks was head of the Ku Klux Klan of Easley, S. C., and that he asked members of the Klan to go with him to the home of the Peahuffs. When the members of the expedition arrived at their destination, they started into the Peahuff yard; shots were fired and one of the members of the expedition was wounded, whereupon they all left. Some of the party testified for the prosecution and Peahuff testified that he recognized certain members of the party. The evidence was conclusive that appellants Marchbanks and John Center participated in the raid on the Peahuffs.

With regard to Doster Center a different situation is presented. While there are some circumstances shown that might raise the suspicion that he was instrumental in organizing the raid, it was proven that he was not present at the time of the attack on the Peahuffs. This fact was admitted by the United States attorney in the oral argument before this court. The evidence was not sufficient to justify the verdict of guilty against him and the trial judge should have directed his acquittal.

There was no objection to the charge of the trial judge and no error was committed in the trial as to Marchbanks and John. Center. The judgment of the court below is affirmed as to W. D. Marchbanks and John Center and reversed as to Doster Center.

Affirmed in part and reversed in part.