## ONG v. UNITED STATES.
### No. 4982.

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1942.

Mitchell Cohen, of Richmond, Va., for appellant.

C. Brooks Deveny, Asst. U. S. Atty., of Fairmont, W. Va. (Joe V. Gibson, U. S. Atty., of Kingwood, W. Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal from an order refusing to vacate a judgment sentencing one Zeddie Ong to three consecutive terms of five years each on the first three counts of an indictment charging violation of the Harrison Narcotic Act, § 1 as amended, 26 U. S.C.A. Int.Rev.Code § 2553. The judgment imposing the sentence was entered December 17, 1936, and the motion to vacate it was filed December 19, 1941, more than five years later. A five year sentence on a fourth count of the same indictment and a similar sentence under another indictment to which a plea of guilty was entered ran concurrently with the sentence imposed under the first count; but the period of five years covered by these concurrent sentences had been served at the time the motion was made to vacate the judgment.

The motion was made upon a number of grounds, but only two of these present questions which we can consider. They are that the counts of the indictment under which the consecutive terms of imprisonment were imposed were so vague as to be invalid and that, in any event, they charged but one crime. We have carefully examined the indictment and find no merit in either of these points. Each of the counts charged the crime in the language of the statute. The violation was described in general terms, it is true, without naming the purchaser or person to whom the drugs were delivered, which would have been the better practice; but, if the accused desired more specific information as to the charge against him, his remedy was to ask for a bill of particulars. The sales, or dispositions, charged by the different counts were in different amounts, and one count charged the crime to have been committed on a different day from the day named in the other two. There is nothing to show that the same transaction was covered by the different counts; and the presumption of correctness attaching to court proceedings is to the contrary. The transcript of evidence on the trial shows distinct sales made by appellant corresponding to the charges contained in the indictment.

The brief filed by appellant makes complaint of the conduct of counsel who represented him on the trial and of the charge of the court; but these are matters which cannot be considered on a motion to vacate a judgment on the ground that it is void. A defendant cannot wait until his time for appeal has expired and then review the proceedings of the trial on a motion to vacate the judgment as upon appeal or writ of error. Such a motion can prevail only where the judgment is void on the face of the record, i. e. only where its invalidity appears upon the face of the court records themselves.

The appellant complains of the severity of the sentence imposed upon him and calls attention to a recommendation of clemency made by the jurors who tried him. This, however, is a matter for the Parole Board or the Pardon Attorney and not for us, as the sentences imposed are within the statutory limit.

The order refusing to vacate the judgment will accordingly be affirmed.

Affirmed.