### NYE v. UNITED STATES.
### No. 5070.

Circuit Court of Appeals, Fourth Circuit.

July 22, 1943.

Writ of Certiorari Denied Oct. 11, 1943.

See 64 S.Ct. 62, 88 L.Ed. ——.

L. R. Varser, of Lumberton, N. C. (R. A. McIntyre and O. L. Henry, both of Lumberton, N. C., on the brief), for appellant.

Robert S. McNeill, Asst. U. S. Atty., of Greenboro, N. C. (Carlisle W. Higgins, U. S. Atty., and Bryce R. Holt, Asst. U. S. Atty., both of Greenboro, on the brief) for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a conviction and sentence under a count of an indictment charging wilful and corrupt obstruction of justice in violation of section 135 of the Criminal Code, 18 U.S.C.A. § 241. Appellant is one R. H. Nye, who was charged with contempt of court because of the same obstruction of justice in a case which was before this court in Nye v. United States, 4 Cir., 113 F.2d 1006, and before the Supreme Court in Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172. The Supreme Court held that the conduct of Nye and one Mayers, who was charged with him, could not be punished as contempt of court under section 268 of the Judicial Code, 28 U.S.C.A. § 385, but that, if the facts found in that case were taken to be true, it was "highly reprehensible" and "of a kind which corrupts the judicial process and impedes the administration of justice". 313 U.S. 52, 61 S.Ct. 817, 85 L. Ed. 1172. Following this, Nye and Mayers were indicted under a bill of indictment containing two counts, the first charging conspiracy to obstruct justice and the sec-

ond charging the obstructing of justice. Mayers was acquitted generally, whereas Nye was acquitted on the first count of the indictment but convicted on the second, which is as follows:

"That Rufus Howard Nye and Lonnie Cicero Mayers, the defendants herein, on or about April 19, 1939, in the Middle District of North Carolina, and within the jurisdiction of this Court, unlawfully, wilfully, knowingly and feloniously did corruptly influence, obstruct and impede, and corruptly endeavor to influence, obstruct and impede the due administration of justice in the Court of the United States for the Middle District of North Carolina, that is to say, the said defendants then and there corruptly did endeavor to have dismissed in said Court of the United States a civil action then pending under the number 11 on the Durham docket of the Clerk of the Court for said district, being entitled W. H. Elmore, Administrator of James Elmore, deceased, v. C. T. Council and Germain Bernard, partners trading as BC Remedy Company, which said action had not yet come to trial on the merits, that is to say, said defendants did then and there cause to be filed with said Court of the United States false and fraudulently obtained letters and affidavits concerning said action, they the said defendants by such conduct thereby causing delay in the trial of said case and great expense in connection therewith, and did in truth and in fact then and there thereby corruptly influence, obstruct and impede the due administration of justice in said Court of the United States; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The conduct of Nye constituting the offense was described in detail in our opinion reported in 113 F.2d 1006, and we need not describe it again. It is sufficient to say that there was evidence before the jury tending to show all the facts set forth in our former opinion, i.e. the pendency of an action for damages brought by one Elmore as administrator, the undue influence by use of liquor and otherwise to overreach Elmore and take advantage of him, and the obtaining from Elmore by these means of letters and affidavits, which were used in an effort to secure a dismissal of the case and which resulted in delays and obstructions to the due administration of justice. On this appeal only three points

are made. (1) that the count of the indictment under which conviction was had was not sufficient, (2) that the court erred in denying defendant's motion for bill of particulars, and (3) that verdict of acquittal should have been directed because evidence as to statements of the defendant exonerates him of the charge, because it did not appear that the court had jurisdiction of the damage suit, because Elmore had not been properly appointed as administrator and because the indictment was insufficient.

■ We think that the count of the indictment under which Nye was convicted sufficiently charges an offense under section 135 of the Criminal Code. Not only was there a general charge, substantially in the words of the statute, of corruptly obstructing and corruptly endeavoring to obstruct the due administration of justice, but this general charge was supplemented by an averment of the means used. It was specifically charged that the defendants corruptly endeavored to have an action pending in the court dismissed by filing false letters and affidavits which had been fraudulently obtained and that this conduct resulted in delay in the trial of the action and great expense in connection therewith. The letters and affidavits were specifically described in the overt acts set forth in the first, or conspiracy, count of the indictment and, while this does not, of course, help the second count, we do not think that count should be held defective for failure to repeat them or to incorporate them by reference. If defendant felt the need of additional information in preparing his defense, his remedy was motion for bill of particulars; and the record shows that, upon his making such motion, he was advised by the representative of the government that the letters and affidavits relied on were those described in the first count.

■■ The rule here applicable was well stated by the Supreme Court in Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, as follows: "The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently

apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606."

The same rule was laid down by this Court, speaking through Judge Rose in Martin v. United States, 4 Cir., 299 F. 287, 288, in the following language: "The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good. Section 1025, Revised Statutes (Comp.St. § 1691 [18 U.S.C.A. § 556])."

Following the decision in the Martin case we have consistently followed the rule there laid down, sustaining under a variety of circumstances indictments drawn in general terms where they set forth the ingredients of the offense as defined by statute with sufficient definiteness and certainty to apprise the defendant of the crime charged and to protect him against further prosecution for the same offense. Belvin v. United States, 4 Cir., 12 F.2d 548, 550; Hill v. United States, 4 Cir., 42 F.2d 812; Center v. United States, 4 Cir., 96 F.2d 127; Bersio v. United States, 4 Cir., 124 F.2d 310, 314; Ong v. United States, 4 Cir., 131 F.2d 175.

Very much in point is the case of United States v. Polakoff, 2 Cir., 112 F.2d 888, 890, 134 A.L.R. 607. The indictment there, while for conspiracy to violate the statute here involved, was attacked as insufficient because it merely alleged that the defendants conspired to influence and impede the official actions of officers in and of the United States District Court, without specifying the officers whose actions were to be so impeded. In holding the indictment sufficient, the Court, speaking through Judge Learned Hand, said:

"Since the case must be remanded we will pass upon the sufficiency of the indictment, and of the evidence to prove the charge. The indictment merely alleged that the accused conspired 'to influence and impede the official actions of officers in and of the United States District Court * * * in order that said Sidney Kafton would receive a sentence of not more than one year and one day'. The challenge is that it should have specified who were the 'officers' that were to be so 'impeded'. We do not see why, if the accused were really in ignorance of this detail, they could not have been fully protected by a bill of particulars. Decisions such as Heaton v. United States, 2 Cir., 280 F. 697, and Kellerman v. United States, 3 Cir., 295 F. 796, are of doubtful service today, when objections which do not go to the substance of a fair trial no longer get much countenance. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; Berger v. United States, 295 U.S. 78, 84, 55 S.Ct. 629, 79 L.Ed. 1314; Crapo v. United States, 10 Cir., 100 F.2d 996, 1000."

See, also, Walker v. United States, 8 Cir., 93 F.2d 792 and Bedell v. United States, 8 Cir., 78 F.2d 358.

The points that the indictment is insufficient in not charging that the court had jurisdiction of the case in which the attempt was made to obstruct justice, and in not charging that the letters and affidavits used were false to the knowledge of defendant, are so manifestly lacking in merit as not to warrant discussion. This was a prosecution for obstructing justice, not a jurisdictional inquiry nor a prosecution for false pretense. That there was no need to allege specifically the jurisdiction of the court over the proceedings in which it was sought to obstruct justice, see Davey v. United States, 7 Cir., 208 F. 237.

As to the contention that there was reversible error in denying the motion for bill of particulars, it is well settled that "the application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action thereon should not be disturbed". Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545. Certainly, it could not be said that there was any abuse of discretion in not ordering a bill of particulars when defendant was indicted, as he and his counsel well knew, for the transaction which had already been thoroughly investigated in the contempt proceeding. Furthermore, the nature of the letters and affidavits was set forth in detail in the first count of the indictment, and a letter

from the representative of the government to counsel for defendant stated that these were the letters and affidavits upon which the government would rely. There was clearly no abuse of discretion in not granting the motion for bill of particulars under such circumstances; and certainly defendant was not prejudiced by denial of the motion, since he knew in advance what proofs the government would rely on.

■■ The motion for directed verdict is entirely without merit. There was abundant evidence of conduct on the part of defendant constituting a corrupt attempt to obstruct and impede the due administration of justice. That conduct affecting a litigant may be punished as an obstruction of justice, as well as conduct affecting jurors, witnesses and officials of the court, see discussion by this Court in 113 F.2d 1006, 1009, 1010, and by the Supreme Court in 313 U.S. 52, 53, 61 S.Ct. at page 817, 85 L.Ed. 1172. As we have seen heretofore, there is nothing in the contention that the indictment does not charge a crime. And there is, of course, nothing in the contention that verdict should have been directed because evidence as to statements by the defendant exonerated him from the charge contained in the indictment. One engaged in obstructing justice is not to be acquitted merely because statements made by him may appear innocent on their face.

■ The two remaining grounds urged for direction of a verdict are equally tenuous. Whether Elmore was entitled after his removal to South Carolina to continue acting as administrator of his deceased son or not, and whether the suit which he instituted was one of which the federal court had jurisdiction or not, were not questions which defendant could raise as a defense to the charge of obstructing justice in connection with that suit. The evidence shows that Elmore had been appointed administrator of his son, that he instituted the suit in the federal court in that capacity and that such suit was duly pending at the time defendant attempted to secure its dismissal by the reprehensible conduct of which he was convicted. Whether the suit was or was not one of which the Court had jurisdiction, there was certainly power in the court to determine the question of jurisdiction; and even if there was a lack of jurisdiction, it is well settled that a judgment based on an erroneous assumption of jurisdiction would not have been void or subject to collateral attack. Windholz v. Everett, 4 Cir., 74 F. 2d 834; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U.S. 552, 557, 8 S.Ct. 217, 31 L.Ed. 202; Dowell v. Applegate, 152 U.S. 327, 14 S.Ct. 611, 38 L.Ed. 463. The interests of justice require that questions of jurisdiction as well as other questions be determined in an orderly way; and one who corruptly obstructs or impedes the processes of justice may not escape the consequences of his conduct by showing that the court should have declined jurisdiction of the action with which he corruptly interfered.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.