ROBERTS v. UNITED STATES.

No. 5060.

Circuit Court of Appeals, Fourth Circuit.

Argued June 8, 1943.

Decided July 28, 1943.

Writ of Certiorari Denied Oct. 18, 1943.

See 64 S.Ct. 80, 88 L.Ed. ——.

Lester S. Parsons, of Norfolk, Va., for appellant.

Walkley E. Johnson, Asst. U. S. Atty., and Sterling Hutcheson, U. S. Atty., both of Richmond, Va. (John V. Cogbill, Asst. U. S. Atty., of Richmond, Va., and William A. Carter, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, C. A. Roberts, who was engaged in the fish business, here referred to as the defendant, was indicted in September, 1942, in the District Court of the United States for the Eastern District of Virginia, at Norfolk, for the violation of section 80, title 18 U.S.C.A. There were five counts in the indictment, the first three of which charged the defendant with presenting to the Navy Department of the United States fraudulent claims against the government for the delivery of rock fish that did not comply with the contract, made by the defendant with the Navy Department, for the sale of such fish. The fourth and fifth counts of the indictment charged the defendant with presenting to the Navy Department false claims against the government for furnishing fresh chilled Spanish mackerel and charged that instead of the Spanish mackerel, specified in the contract entered into by him with the Navy Department, the defendant furnished bonito mackerel of an inferior grade and lesser value.

A trial was had before a jury, lasting several days, in November, 1942, at the conclusion of which the jury returned a verdict finding the defendant not guilty as to the first, second, and third counts and finding him guilty as to the fourth and fifth counts. At the conclusion of the government's evidence a motion was made on behalf of the defendant to direct a verdict of not guilty and again at the conclusion of all the evidence the motion to direct a verdict was renewed. After the verdict a motion was made to set aside the verdict and a motion was also made on behalf of the defendant in arrest of judgment. All these motions were denied by the trial judge.

In January, 1943, a motion was made on behalf of the defendant for a new trial on the ground of after-discovered evidence, which motion was also denied. Thereupon, the court sentenced the defendant to imprisonment for a period of fifteen months on each of the fourth and fifth counts, the sentences to run concurrently, and to pay a fine of $250.00 on each of the two counts. From this action of the court below this appeal was brought.

Section 80, Title 18, U.S.C.A., as amended, reads as follows: "Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United

States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Two questions are presented on the appeal first, whether the indictment was sufficient under the statute and second whether there was substantial evidence to support the verdict of the jury.

The first question is raised on a motion for an arrest of judgment. We are of the opinion that the indictment was clearly sufficient under the statute. There was, in the indictment, a general charge substantially in the words of the statute accompanied by the details of the transaction which constituted the offense.

In an able and exhaustive discussion on the question of the sufficiency of an indictment Judge Parker, of this court, in the case of Nye v. United States, 137 F.2d 73, decided at the June Term, 1943, lays down the rules governing this question as follows:

"The rule here applicable was well stated by the Supreme Court in Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, as follows: 'The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.'

"The same rule was laid down by this Court, speaking through Judge Rose in Martin v. United States, 4 Cir., 299 F. 287, 288, in the following language: 'The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good. Section 1025, Revised Statutes (Comp.St. § 1691 [18 U.S.C.A. § 556]).'

"Following the decision in the Martin case we have consistently followed the rule there laid down, sustaining under a variety of circumstances indictments drawn in general terms where they set forth the ingredients of the offense as defined by statute with sufficient definiteness and certainty to apprise the defendant of the crime charged and to protect him against further prosecution for the same offense. Belvin v. United States, 4 Cir., 12 F.2d 548, 550; Hill v. United States, 4 Cir., 42 F.2d 812; Center v. United States, 4 Cir., 96 F.2d 127; Bersio v. United States, 4 Cir., 124 F.2d 310, 314; Ong v. United States, 4 Cir., 131 F.2d 175.

"Very much in point is the case of United States v. Polakoff, 2 Cir., 112 F.2d 888, 890, 134 A.L.R. 607. The indictment there, while for conspiracy to violate the statute here involved, was attacked as insufficient because it merely alleged that the defendants conspired to influence and impede the official actions of officers in and of the United States District Court, without specifying the officers whose actions were to be so impeded. In holding the indictment sufficient, the Court, speaking through Judge Learned Hand, said:

" 'Since the case must be remanded we will pass upon the sufficiency of the indictment, and of the evidence to prove the charge. The indictment merely alleged that the accused conspired "to influence and impede the official actions of officers in and of the United States District Court * * * in order that said Sidney Kafton would receive a sentence of not more than one year and one day." The challenge is that it should have specified who were the "officers" that were to be so "impeded". We do not see why, if the accused were really in ignorance of this detail, they could not have been fully protected by a bill of particulars. Decisions such as Heaton v. United States, 2 Cir., 280 F. 697, and Kellerman v. United States, 3 Cir., 295 F. 796, are of doubtful service today, when objections which do not go to the substance of a fair trial no longer get much countenance. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; Berger v. United

States, 295 U.S. 78, 84, 55 S.Ct. 629, 79 L. Ed. 1314; Crapo v. United States, 10 Cir., 100 F.2d 996, 1000.'"

In addition to the sufficiency of the indictment as drawn, on a motion for a bill of particulars the court ordered the government to give the defendant all the material facts requested in the motion.

In support of the contention made on behalf of the defendant as to the insufficiency of the indictment the cases of United States v. Wallace, D.C., 40 F. 144 and United States v. Christopherson, D.C., 261 F. 225, are relied upon. The opinions in these cases were written before the statute was amended and are not controlling here.

■ It is contended on behalf of the defendant that the court erred in not granting the motion for a bill of particulars in its entirety but, it is well settled that the application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action should not be disturbed. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545. There can be no doubt that the defendant had knowledge before the trial of every detail of the government's charge against him and he was not in any way taken by surprise by any of the government's evidence.

■ The indictment, supplemented as it was by the bill of particulars, furnished by the government, was sufficient under the statute and the motion in arrest of judgment was properly denied by the court below.

■ As to the second question we are of the opinion that there was ample evidence of a substantial character which, if believed by the jury, was sufficient to support the verdict. It was shown beyond any reasonable doubt that the defendant had delivered to the Naval Training Station, at Norfolk, frozen bonito mackerel instead of the fresh chilled Spanish mackerel. There was evidence to the effect that the defendant had large quantities of frozen bonito mackerel in storage at the Tidewater Fish Freezer and that, just prior to each of the deliveries made to the Naval Training Station, quantities of this bonito mackerel equal to or in excess of the quantities of the supposed fresh chilled Spanish mackerel were withdrawn from the freezer. The defendant's own books showed that the frozen bonito mackerel could not have been delivered except to the Naval Training Sta-

tion and that there were no substantial sales of mackerel to the navy other than the sales to the Training Station through July, 1941, and that the same thing was true with regard to the September and October 1941 deliveries. There was also direct evidence that bonito mackerel, identified as coming from the defendant Roberts, was delivered to the Naval Training Station, instead of the Spanish mackerel, at the time charged in the indictment.

■ Gray, an employee of the Tidewater Fish Freezer, testified that the defendant protested his having given information to the government's agents and that the defendant stated to him in discussing the deliveries of the thawed bonito mackerel that, "it looked like it was his luck to get caught at it anyway." Evidence was also offered by the government to the effect that the defendant had made payments equal to 10% of the amount of the order, for securing orders from officers of the government, for furnishing food supplies to the Training Station. These payments were made to one Hunt, Chief Commissary Steward, at the Naval Training Station, during the years 1940 and 1941. Hunt testified that he received from the defendant money to the amount of $200 to $400 a month, as the 10% payment or "cumshaw" on the fish orders, and that he delivered the money to his superior officer, Lieutenant George A. Johnson, who gave him part of it. It is contended that the trial judge erred in admitting Hunt's testimony because it did not directly refer to the fish deliveries mentioned in the indictment; Hunt's evidence was properly admitted. In discussing a similar question we had occasion to say in Hatem v. United States, 4 Cir., 42 F.2d 40, 41:

" * * * The main point relied upon by defendant is the admission of evidence on the trial, of acts of the defendant subsequent to the acts charged in the indictment. * * *

" It is a long-established doctrine that in cases involving fraud, or the intent with which an accused does an act, 'collateral facts and circumstances, and his other acts of a kindred character, both prior and subsequent, not too remote in time, are admissible in evidence.'" Citing cases.

See, also Paine v. United States, 9 Cir., 7 F.2d 263. We know of no contrary authority on this question.

There was also evidence that the defendant endorsed notes and made gifts to the inspectors who passed on the fish deliveries to the Naval Training Station.

■ It is contended on behalf of the defendant that the court committed error in refusing to allow defendant's attorney to discuss before the jury the reason why the defendant did not take the stand. Defendant's attorney stated that he wished to explain to the jury that his client did not take the stand because he would have to admit that he had paid the money, as was charged in Hunt's testimony, and that he would thereby be prejudiced before the jury. This was a very unusual request and we are of the opinion that the court properly denied it.

■■ Objection was made to the court's charge to the jury in that the court eliminated from a request that he charge as to the reasonable doubt theory the following: " * * * and this proof must exclude every reasonable theory under the evidence consistent with his innocence," but a study of the judge's charge shows that he fully covered the reasonable doubt theory and that the words eliminated by him in the requested charge would only have been a repetition. In his charge the court was careful to emphasize more than once the presumption of innocence and the necessity for the government to prove every element of the offense beyond a reasonable doubt. This was sufficient. See, Corbett v. United States, 8 Cir., 89 F.2d 124, and cases there cited.

■■ There was nothing in the affidavit, supporting the motion for a new trial on the ground of after-discovered evidence, showing the discovery of any evidence that was not known to the defendant in ample time before the trial began. The granting of a new trial on the ground of after-discovered evidence is in the discretion of the trial court and there is no showing that the court's discretion was abused here.

There was ample evidence, which if believed by the jury, to support the verdict; there was no error in the admission or rejection of the evidence offered during the trial; the various motions made by the defendant were properly overruled and the charge of the judge was more than fair to the defendant.

The judgment of the court below is accordingly

Affirmed.