## HICKS v. UNITED STATES.
### No. 5838.

United States Court of Appeals
Fourth Circuit.
March 7, 1949.

W. A. Hall, Jr., of Richmond, Va. (Leith S. Bremner, of Richmond, Va., and John P. Flanagan, of Powhatan, Va., on the brief), for appellant.

George R. Humrickhouse, U. S. Atty., of Richmond, Va. (Golden N. Dagger, Carl F. Pattavina, and John J. O'Keefe, Jr., Attys., Dept. of Justice, all of Washington, D. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

Appellant was convicted of endeavoring to influence a juror in violation of section 241 [now § 1503] Title 18 of the United States Code. The gist of the charge was that he feloniously and corruptly endeavored to influence a juror and the evidence was that he induced one Leslie Earl Martin to commit the crime of which the latter later was convicted and which was before this Court in Martin v. United States, 4 Cir., 166 F.2d 76. The questions raised by the appeal relate to the sufficiency of the indictment, the sufficiency of the evidence and the admissibility of the testimony as to the transactions occurring between Martin and the juror. All are entirely lacking in merit. The sufficiency of the indictment is sustained by a long line of decisions of this Court. Nye v. United States, 4 Cir., 137 F.2d 73; Ong v. United States, 4 Cir., 131 F.2d 175; Bersio v. United States, 4 Cir., 124 F.2d 310; Center v. United States, 4 Cir., 96 F.2d 127; Hill v. United States, 4 Cir., 42 F.2d 812; Belvin v. United States, 4 Cir., 12 F.2d 548, 550; Martin v. United States, 4 Cir., 299 F. 287, 288. In the case last cited, the rule here applicable was stated by the late Judge Rose in the following language: "The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good. Section 1025, Revised Statutes, Comp.St. § 1691 [18 U.S.C.A. § 556 [1]]".

The evidence establishes that appellant, an attorney at law, approached Martin, a filling station operator, and told

1 Repealed by Act June 25, 1948, c. 645, § 21, 62 Stat. 862. See Federal Rules of Criminal Procedure, Rule 52(a), 18 U.S. C.A.

the latter that he wished to see one of the jurors serving in the trial of the Rakes case to see if he would hang the jury; that he asked Martin to see the juror and see if he could not arrange for appellant to see him; and that Martin endeavored to carry out this commission. This was clearly sufficient to justify the conviction of appellant; and there can be no question but that the evidence as to what occurred between Martin and the juror was properly admitted. It was the fact that the conversation with the juror took place and not the truth or falsity of what was said in the course of it which was material to the charges under investigation.

There was no error and the judgment and sentence appealed from will be affirmed.

Affirmed.